UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ECOLAB, INC., | Case No. 2:16-cv-02679-APG-CWH |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION TO DISMISS** |
| JONATHAN H. KRASNER, LUKE A. ATWELL, ROBERT BURTON, and REBEL CHEMICAL, INC., | (ECF No. 16) |
| Defendants. | |

Plaintiff Ecolab, Inc. sues its former employees and their new company alleging they took Ecolab's confidential information and formed their own company to compete against Ecolab, in violation of their employment agreements' non-solicitation covenants. Defendants Jonathan Krasner, Luke Atwell, Robert Burton, and Rebel Chemical, Inc. move to dismiss this action for lack of subject matter jurisdiction. They assert the complaint does not allege facts showing damages in excess of $75,000 to support diversity jurisdiction.

Ecolab responds that it alleged in good faith that its damages exceed $1 million and the defendants cannot show to a legal certainty that the $75,000 threshold is not met. Ecolab argues that while the defendants were Ecolab employees, they were responsible for $9 million in sales in the Las Vegas area and Ecolab seeks to protect that business. Ecolab also contends it already has suffered losses exceeding the jurisdictional amount. Finally, Ecolab contends that when punitive damages and attorney's fees are considered, there is no question that the amount in controversy requirement is satisfied. In reply, the defendants argue that following *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), Ecolab must plead facts plausibly showing the jurisdictional amount is satisfied, so the legal certainty test no longer applies.

/ / / /

A federal court has diversity jurisdiction if the suit is between citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs. 28 U.S.C. § 1332(a). The parties in this case are diverse, so the only question is whether the amount in controversy is satisfied.

"Where the plaintiff originally files in federal court, the amount in controversy is determined from the face of the pleadings" under the legal certainty test. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010) (quotation omitted); *see also Naffe v. Frey*, 789 F.3d 1030, 1039 (9th Cir. 2015). Under that test, the amount in controversy alleged by the plaintiff "controls so long as the claim is made in good faith." *Geographic Expeditions, Inc.*, 599 F.3d at 1106. Dismissal is not proper unless it appears "to a legal certainty that the claim is really for less than the jurisdictional amount." *Id.* (quotation omitted). There are "[o]nly three situations [that] clearly meet the legal certainty standard: 1) when the terms of a contract limit the plaintiff's possible recovery; 2) when a specific rule of law or measure of damages limits the amount of damages recoverable; and 3) when independent facts show that the amount of damages was claimed merely to obtain federal court jurisdiction." *Naffe*, 789 F.3d at 1040 (quotation omitted).

The defendants' argument that the legal certainty test no longer applies is incorrect. The Ninth Circuit has applied the test post-*Iqbal/Twombly*. *See Naffe*, 789 F.3d at 1039-40; *Geographic Expeditions, Inc.*, 599 F.3d at 1106-07.

Under the legal certainty standard, the good faith allegations in Ecolab's complaint as to the amount in controversy suffice to establish the jurisdictional amount unless it appears legally certain that the amount in dispute is $75,000 or less. In the complaint, Ecolab alleges that the "accounts and profits which are subject to being misappropriated and lost as a result of Defendant Atwell and Defendant Krasner's violation of their restrictions and the Defendants' wrongful conduct far exceeds (sic) a million dollars." ECF No. 1 at 2-3. Ecolab asserts a claim for violation of non-solicitation covenants in the defendants' employment agreements allegedly resulting in loss of customers and goodwill. *Id.* at 11. Ecolab also alleges the defendants

breached their contracts and misappropriated trade secrets by failing to return company property when they left their employment with Ecolab, by soliciting each other to leave the company to form a competitor, and by taking and refusing to return confidential company information and using that information to compete unfairly with Ecolab. *Id.* at 11-13, 15-16.  Ecolab also alleges the defendants breached their fiduciary duties and/or aided and abetted a breach based on the same allegations. *Id.* at 13-14.  Ecolab seeks compensatory damages, punitive damages, attorney's fees, and injunctive relief. *Id.* at 17-18.

There is no contract limiting Ecolab's possible recovery.  There is no specific rule of law or measure of damages limiting the amount of damages Ecolab can recover.  The defendants suggest that punitive damages would be minimal because of their limited financial means, but the fact that the defendants may have a defense or a basis for arguing for modest punitive damages does not mean a higher amount was not in controversy at the time the complaint was filed.

Finally, independent facts do not show that the amount of damages was claimed merely to obtain federal court jurisdiction.  Ecolab is a multi-billion-dollar company with overwhelming market share in Las Vegas. ECF No. 16-1 at 2-3.  Krasner and Atwell were responsible for $9 million worth of annual revenues when they worked for Ecolab. ECF No. 19-1 at 5.  If, as alleged, the defendants are soliciting Ecolab customers in violation of their non-solicitation agreements, it does not appear to a legal certainty that the jurisdictional amount could not be satisfied, particularly when combined with other claims for compensatory and punitive damages, attorney's fees, and the value of potential injunctive relief.  Consequently, the amount in controversy requirement is satisfied and I have diversity jurisdiction in this matter.

IT IS THEREFORE ORDERED that the defendants' motion to dismiss **(ECF No. 16) is DENIED**.

DATED this 8th day of February, 2017.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE