UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ECOLAB, INC., | Case No. 2:16-cv-02679-APG-CWH |
| Plaintiff, | |
| v. | **ORDER (1) DENYING MOTION FOR PRELIMINARY INJUNCTION, (2) DENYING AS MOOT MOTION TO STRIKE, AND (3) GRANTING MOTION FOR LEAVE TO FILE SUPPLEMENTAL POINTS AND AUTHORITIES** |
| JONATHAN H. KRASNER, LUKE A. ATWELL, ROBERT BURTON, and REBEL CHEMICAL, INC., | |
| Defendants. | |
| | (ECF Nos. 22, 27, 28) |

Plaintiff Ecolab, Inc. sues its former employees and their new company alleging they took Ecolab's confidential information and formed their own company to compete against Ecolab, in violation of their employment agreements. Ecolab moves for preliminary injunctive relief against defendants Jonathan Krasner, Luke Atwell, and Rebel Chemical, Inc.[1] Ecolab asks me to order these defendants to: (1) return Ecolab property and documents, including any trade secrets or confidential information; (2) not destroy, transfer, disseminate, or use any Ecolab trade secrets or confidential information within their possession; and (3) not solicit Ecolab customers in violation of the terms of their employment agreements. The defendants oppose, arguing they have not solicited customers that fall within the subject covenants and they have not retained or used Ecolab information or property. The defendants also argue Ecolab has engaged in inequitable conduct and the non-solicitation covenant is unenforceable. I deny the motion for a preliminary injunction because Ecolab has not demonstrated a likelihood of success on the merits of its claims that the defendants breached their employment agreements or misappropriated trade secrets.

/ / / /

---

[1] Robert Burton is also a named defendant but Ecolab's motion does not seek to enjoin him. *See* ECF No. 22.

## I. BACKGROUND

Ecolab provides commercial hygiene products and services (such as dishwashers, housekeeping equipment, and sanitizing and cleaning products) to businesses such as restaurants and hotels. ECF No. 23 at 2. Defendant Krasner worked for Ecolab as a district sales manager. *Id.* Defendant Atwell worked for Ecolab as a street sales development manager. *Id.* They had access to information that Ecolab contends is confidential, including contract pricing lists, customer lists, proposals to customers, employee lists, and sales training materials. *Id.* at 2-3.

As a condition of their employment, Krasner and Atwell each executed an employment agreement. *Id.* at 2; ECF Nos. 23-2; 23-3. The employment agreements contain three covenants at issue in this motion: (1) a non-solicitation covenant, (2) a confidentiality covenant, and (3) a covenant to return to Ecolab customer information and property. The non-solicitation covenant provides that for one year following the termination of their employment with Ecolab, Krasner and Atwell will not solicit any Ecolab customer with whom they "did business or attempted to do business, or whose account[] was supervised by or assigned to the Employee or with regard to which the Employee received commissions or other compensation, at any time during the twelve (12) month period immediately preceding the termination of his employment." ECF Nos. 23-2 at 2; 23-3 at 2. The confidentiality covenant requires the employee not to disclose any of Ecolab's confidential information. *Id.* at 2. The return of property covenant directs the employee to return customer information, sales and service manuals, equipment, credit cards, or any other Ecolab property in his possession. *Id.* at 3.

In September 2016, Krasner and Atwell resigned from Ecolab. ECF Nos. 16-1 at 2; 23 at 4. Shortly thereafter, they joined with another former Ecolab employee, defendant Robert Burton, to form a new company called Rebel Chemical. ECF Nos. 16-1 at 3; 23 at 4; 23-10. Rebel Chemical competes with Ecolab by offering similar hygiene products and services in Las Vegas. ECF Nos. 23 at 4; 23-10.

According to Sean Smith, Assistant Vice President for Ecolab, Krasner did not return any company information to Ecolab and erased information from his company-issued computer upon

resigning. ECF No. 23 at 4. Smith states that Atwell likewise did not return Ecolab confidential information, including an Ecolab badge and information Atwell emailed to his personal email address. *Id.* at 4-5. According to Smith, Krasner and Atwell have solicited numerous businesses in violation of their employment agreements. *Id.* at 6-7.

## II.  ANALYSIS

To qualify for a preliminary injunction, a plaintiff must demonstrate: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships favors the plaintiff, and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Alternatively, under the sliding scale approach, the plaintiff must demonstrate (1) serious questions on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships tips sharply in the plaintiff's favor, and (4) an injunction is in the public interest. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazarek v. Armstrong*, 520 U.S. 968, 972 (1997) (quotation and emphasis omitted).

To establish a breach of contract claim under Nevada law, Ecolab must show: "(1) the existence of a valid contract, (2) a breach by the defendant, and (3) damage as a result of the breach." *Saini v. Int'l Game Tech.*, 434 F. Supp. 2d 913, 919-20 (D. Nev. 2006) (citing *Richardson v. Jones*, 1 Nev. 405, 405 (Nev. 1865)). The elements of a misappropriation of trade secrets claim under Nevada law are:

> (1) a valuable trade secret; (2) misappropriation of the trade secret through use, disclosure, or nondisclosure of use of the trade secret; and (3) the requirement that the misappropriation be wrongful because it was made in breach of an express or implied contract or by a party with a duty not to disclose.

*Frantz v. Johnson*, 999 P.2d 351, 358 (Nev. 2000) (internal footnotes omitted).

Ecolab has not shown a likelihood of success on its claim that the defendants breached the non-solicitation covenant because Ecolab presents no evidence that Krasner or Atwell had contact with or received compensation from any of the identified accounts within the last twelve months

of their employment with Ecolab.  At the hearing, Ecolab essentially conceded that its motion is based on violations of the covenant not to use Ecolab's confidential information when soliciting these customers, as opposed to violations of the non-solicitation covenant.[2]

Similarly, Ecolab has not demonstrated a likelihood of success on its claim that the defendants breached the confidential information covenant or misappropriated trade secrets because there is no evidence that Atwell, Krasner, or Rebel Chemical disclosed or used any of the identified information in any fashion.  Nor has Ecolab presented evidence of any particular document or item that Krasner or Atwell retained or inappropriately used following their departure from Ecolab.  At the hearing, Ecolab conceded that at this early stage of the proceedings, it believed the defendants were using its confidential information based on inferences but that it had no evidence showing what information the defendants used, how, or with which customer.

Perhaps discovery will disclose a basis for Ecolab to renew its motion for injunctive relief in the future.  But based on the record before me, Ecolab has not shown a likelihood of success on the merits of its claims for misappropriation of trade secrets or breach of contract.  Nor has Ecolab shown the need for an evidentiary hearing on its motion.  I therefore deny the motion for preliminary injunction without prejudice.

**III.  CONCLUSION**

IT IS THEREFORE ORDERED that plaintiff Ecolab, Inc.'s motion for preliminary injunction **(ECF No. 22) is DENIED**.

IT IS FURTHER ORDERED that the defendants' motion to strike evidentiary objections **(ECF No. 27) is DENIED as moot**.

/ / / /

/ / / /

/ / / /

---

[2] The defendants argue the non-solicitation covenant is unenforceable under Nevada law and that Ecolab is not entitled to equitable relief because it has acted inequitably.  Because Ecolab has not demonstrated a likelihood of success on the merits, I need not address these issues at this time.

IT IS FURTHER ORDERED that the defendants' motion for leave to file additional points and authorities **(ECF No. 28) is GRANTED**.

DATED this 23rd day of February, 2017.

                                                                                    ANDREW P. GORDON
                                                                                    UNITED STATES DISTRICT JUDGE