FISHER & PHILLIPS LLP
SCOTT M. MAHONEY, ESQ.
Nevada Bar No. 1099
DAVID B. DORNAK, ESQ.
Nevada Bar No. 6274
300 S. Fourth Street, Suite 1500
Las Vegas, NV 89101
Telephone: (702) 252-3131
smahoney@fisherphillips.com

FISHER & PHILLIPS LLP
JOHN E. LATTIN, IV, ESQ.
California Bar No. 167876
2050 Main Street, Suite 1000
Irvine, CA 92614
Telephone: (949) 851-2424
jlattin@fisherphillips.com

Attorneys for Plaintiff Ecolab, Inc.

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| ECOLAB, INC.<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>JONATHAN H. KRASNER, LUKE A. ATWELL, ROBERT BURTON, and REBEL CHEMICAL, INC.<br><br>　　　　　Defendants. | Case No.: 2:16-cv-02679-APG-CWH<br><br>**AMENDED STIPULATED PROTECTIVE ORDER RE: CONFIDENTIAL AND/OR PRIVILEGED INFORMATION; [PROPOSED] ORDER THEREON** |

**IS HEREBY STIPULATED** by and between the Parties to the above-captioned case, by and through their respective counsel of record, that in order to facilitate the exchange of information and documents which may be subject to confidentiality limitations on disclosure due to federal laws, state laws, privacy rights, and trade secret protections, the Parties stipulate as follows:

1. In this Stipulated Protective Order, the words set forth below shall have the following meanings:

    a. "Proceeding" means the above-entitled civil lawsuit, Case No. 2:16-cv-02679-APG-CWH.

    b. "Court" means the assigned judge in this lawsuit filed on November 22, 2016, in the United States District Court for the District of Nevada, Case No. 2:16-cv-02679-APG-CWH.

    c. "Confidential" means any information which is in the possession of a Designating Party who believes in good faith that such information is entitled to confidential treatment under applicable law.

    d. "Confidential Materials" means any Documents, Testimony or Information that a Designating Party believes in good faith are subject to confidentiality limitations on disclosure under applicable federal laws, state laws, federal or state constitution, privacy rights of either party, privacy rights of third parties (including, but not limited to, Defendant's owners, officers, directors, managers, employees, vendors, suppliers, and contractors, as well as Defendant's residents), and/or trade secret protections.

    e. "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give, or make available Materials, or any part thereof, or any information contained therein.

    f. "Documents" means all materials within the full scope of Rule 34 of the Federal Rules of Civil Procedure, including, but not limited, any typed or handwritten writings and transcriptions, such as notes, memoranda, calendars, letters, emails, text messages, as well as any electronically stored information that is stored on a computer, electronic or mobile device or any type of computer readable storage media and capable of being reproduced by printed

representation, which have been produced in discovery in this Proceeding by any person, including any copies, reproductions, or summaries of all or any part of the foregoing.

   g.  "Information" means the content of Documents or Testimony.

   h.  "Testimony" means all depositions, declarations or other testimony taken or used in this Proceeding.

  2.  Pursuant to Fed. R. Evid. 502(d) and Fed. R. Civ. Proc. 26(b)(5), the production of a privileged or work-product-protected Document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected Documents in this case as part of a document production of any size is not itself a waiver in this case or in any other federal or state proceeding. The receiving party shall not assert a claim or argument in this or any other court or legal proceeding that the producing party's act of inadvertently producing the information constituted a waiver of the producing party's privilege or other protection over the information.

  3.  Further, in the event of inadvertent production of privileged or work product-protected Documents, the producing party shall notify the receiving party in writing of the inadvertent production as soon as practicable following the producing party's discovery of the inadvertent production. Within ten (10) calendar days of receipt of a written request for return of privileged or work product-protected Documents inadvertently produced, the receiving party shall promptly return, destroy or delete from its databases all copies of the specified information and shall make reasonable efforts to retrieve the information if the receiving party previously provided the information to third parties. If there is a disagreement as to whether the specified information is privileged or subject to protection, the receiving party must immediately present the information under seal to the Court for a determination. Until the Court makes a determination of the privileged or protected status of the information, the receiving party shall not use in any way (including, but not limited to, using the information in depositions or at trial) nor disclose the information to other parties. The court shall impose an appropriate sanction in the event that the Court determines that the Documents are not privileged or work product-

protected Documents, but were so designated in a manner which had an inappropriate adverse effect on the other party's right to use the information.

  4.  The entry of this Stipulated Protective Order does not alter, waive, modify, or abridge any right, privilege or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion.

  a.  For Documents (apart from transcripts of depositions or other pretrial or trial proceedings), the receiving Party must affix the legend "Confidential" on each page of any Document containing such designated Confidential Material.

  b.  For Testimony given in depositions concerning Confidential Material, either Party may either:

    i.  identify on the record, before the close of the deposition, all "Confidential" Testimony, by specifying all portions of the Testimony that qualify as "Confidential;" or

    ii.  designate the entirety of the Testimony at the deposition as "Confidential" (before the deposition is concluded) with the right to identify more specific portions of the Testimony as to which protection is sought within 30 days following receipt of the deposition transcript. In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing "Confidential" Information may be separately bound by the court reporter, who must affix to the top of each page the legend "Confidential," as instructed by the Designating Party.

  c.  For Information produced in some form other than Documents, and for any other tangible items, including, without limitation, compact discs or DVDs, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the legend "Confidential." If only portions of the Information or item warrant protection, the Designating Party, to the extent practicable, shall identify the

"Confidential" portions.

    5. Access to and/or Disclosure of Confidential Materials designated as "Confidential" shall be permitted only to the following persons:

    a. the Court;

    b. Attorneys of record in the Proceedings and their affiliated attorneys, paralegals, clerical and secretarial staff employed by such attorneys who are actively involved in the Proceedings and are not employees of any Party. Provided, however, that each non-lawyer given access to Confidential Materials shall be advised that such Materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulated Protective Order and that they may not be Disclosed other than pursuant to its terms;

    c. those officers, directors, partners, members, employees and agents of all non-designating Parties that counsel for such Parties deems necessary to aid counsel in the prosecution and defense of this Proceeding; provided, however, that prior to the Disclosure of Confidential Materials to any such officer, director, partner, member, employee or agent, counsel for the Party making the Disclosure shall deliver a copy of this Stipulated Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A;

    d. court reporters in this Proceeding (whether at depositions, hearings, or any other proceeding);

    e. any deposition, trial or hearing witness in the Proceeding who previously has had access to the Confidential Materials, or who is currently or was previously an officer, director, partner, member, employee or agent of an entity that has had access to the Confidential Materials; and

    f. outside experts or expert consultants consulted by the undersigned Parties or their counsel in connection with the Proceeding, whether or not retained to testify at any oral hearing; provided, however, that prior to the Disclosure of Confidential Materials to any such expert or expert consultant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulated Protective Order to such person, shall explain its terms to such person, and shall

secure the signature of such person on a statement in the form attached hereto as Exhibit A. It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Stipulated Protective Order by any such expert or expert consultant, to promptly notify counsel for the Designating Party of such breach or threatened breach.

6. Confidential Materials shall be used by the persons receiving them only for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending the Proceeding, and not for any business or other purpose whatsoever.

7. Any Party to the Proceeding (or other person subject to the terms of this Stipulated Protective Order) may ask the Court, after appropriate notice to the other Parties to the Proceeding, to modify or grant relief from any provision of this Stipulated Protective Order.

8. Entering into, agreeing to, and/or complying with the terms of this Stipulated Protective Order shall not:

    a. operate as an admission by any person that any particular Document, Testimony or Information marked "Confidential" contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial or personal information; or

    b. prejudice in any way the right of any Party (or any other person subject to the terms of this Stipulated Protective Order):

        i. to seek a determination by the Court of whether any particular Confidential Material should be subject to protection as "Confidential" under the terms of this Stipulated Protective Order; or

        ii. to seek relief from the Court on appropriate notice to all other Parties to the Proceeding from any provision(s) of this Stipulated Protective Order, either generally or as to any particular Document, Material or Information.

9. Any Party to the Proceeding who has not executed this Stipulated Protective Order as of the time it is presented to the Court for signature may thereafter become a Party to this Stipulated Protective Order by its counsel's signing and dating a copy thereof and filing the same with the Court, and serving copies of such signed and dated copy upon the other Parties to this

1 | Stipulated Protective Order.

2 | 10. Any Information that may be produced by a non-Party witness in discovery in the Proceeding pursuant to subpoena or otherwise may be designated by the receiving Party as "Confidential" under the terms of this Stipulated Protective Order, and any such designation by the receiving Party may have the same force and effect, and create the same duties and obligations, as if made by one of the undersigned Parties hereto. Any such designation shall also function as a consent by such producing Party to the authority of the Court in the Proceeding to resolve and conclusively determine any motion or other application made by any person or Party with respect to such designation, or any other matter otherwise arising under this Stipulated Protective Order.

11. If any person subject to this Stipulated Protective Order who has custody of any Confidential Materials receives a subpoena or other process ("Subpoena") from any government or other person or entity demanding production of Confidential Materials, the recipient of the Subpoena shall promptly give notice of the same by electronic mail transmission, followed by either express mail or overnight delivery to counsel of record for the Designating Party, and shall furnish such counsel with a copy of the Subpoena. Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Confidential Materials, and/or seek to obtain confidential treatment of such Confidential Materials from the subpoenaing person or entity to the fullest extent available under law. The recipient of the Subpoena may not produce any Documents, Testimony or Information pursuant to the Subpoena prior to the date specified for production on the Subpoena.

12. Nothing in this Stipulated Protective Order shall be construed to preclude either Party from asserting in good faith that certain Confidential Materials require additional protection. The Parties shall meet and confer to agree upon the terms of such additional protection.

13. If, after execution of this Stipulated Protective Order, any Confidential Materials submitted under the terms of this Stipulated Protective Order is Disclosed to any person other

AMENDED STIPULATED PROTECTIVE
ORDER; [PROPOSED] ORDER 7 Civil Case No. 2:16-cv-02679-APG-CWH
FPDOCS 33331627.1

than in the manner authorized by this Stipulated Protective Order, the Party responsible for the Disclosure shall bring all pertinent facts relating to the Disclosure of such Confidential Materials to the immediate attention of the other Party's attorney.

14. This Stipulated Protective Order is entered into without prejudice to the right of any Party to knowingly waive the applicability of this Stipulated Protective Order to any Confidential Materials designated by that Party. If the Designating Party uses Confidential Materials in a non-Confidential manner, then the Designating Party shall advise that the designation no longer applies.

15. Where any Confidential Materials, or Information derived from Confidential Materials, is included in any motion or other proceeding governed by the Federal Rules of Civil Procedure filed in Court, the party shall follow the federal rules pertaining to the filing of documents under seal.

16. The Parties shall meet and confer regarding the procedures for use of Confidential Materials at trial and shall move the Court for entry of an appropriate order.

17. Nothing in this Stipulated Protective Order shall affect the admissibility into evidence of Confidential Materials, or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of Protected Material.

18. This Stipulated Protective Order shall continue to be binding after the conclusion of this Proceeding and all subsequent proceedings arising from this Proceeding, except that a Party may seek the written permission of the Designating Party or may move the Court for relief from the provisions of this Stipulated Protective Order. To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Stipulated Protective Order, even after the Proceeding is terminated.

19. Within thirty (30) days after the settlement or other termination of the Proceeding, the undersigned Parties shall have thirty (30) days to either (a) promptly return to the Designating Party's counsel all Confidential Materials and all copies thereof, except that counsel for each Party may maintain in their files, in continuing compliance with the terms of this Stipulated

1 Protective Order, all work product, and one copy of each pleading filed with the Court, (b) agree with counsel for the Designating Party upon appropriate methods for certification of destruction or other disposition of such Confidential Materials, or (c) as to any Documents, Testimony or other Information not addressed by sub-paragraphs (a) and (b), file a motion seeking a Court order regarding proper preservation of such Materials. To the extent permitted by law, the Court shall retain continuing jurisdiction to review and rule upon the motion referred to in sub-paragraph (c) herein. To the extent that the file retention policies of the State Bar of Nevada are inconsistent herewith, the file retention policies of the State Bar of Nevada shall control.

20. After this Stipulated Protective Order has been signed by counsel for all Parties, it shall be presented to the Court for entry. Counsel agree to be bound by the terms set forth herein with regard to any Confidential Materials that have been produced before the Court signs this Stipulated Protective Order.

21. The Parties and all signatories to the Certification attached hereto as Exhibit A agree to be bound by this Stipulated Protective Order pending its approval and entry by the Court. In the event that the Court modifies this Stipulated Protective Order, or in the event that the Court enters a different Protective Order, the Parties agree to be bound by this Stipulated Protective Order until such time as the Court may enter such a different Order. It is the Parties' intent to be

//
//
//

bound by the terms of this Stipulated Protective Order pending its entry so as to allow for immediate production of Confidential Materials under the terms herein.

22. This Stipulated Protective Order may be executed in counterparts.

**IT IS SO STIPULATED**, through Counsel of Record.

DATE: October 12, 2017        FISHER & PHILLIPS LLP

By: /s/ John E. Lattin
DAVID B. DORNAK, ESQ.
300 S. Fourth Street, Suite 1500
Las Vegas, NV 89101

JOHN E. LATTIN, IV, ESQ.
2050 Main Street, Suite 1000
Irvine, CA 92614

*Attorneys for Plaintiff*

DATE: October 12, 2017        BRIAN K. BERMAN, CHTD.

By: /s/ Brian K. Berman
BRIAN K. BERMAN, ESQ.
721 Gass Avenue
Los Vegas, NV 89101

*Attorney for Defendants*

**IT IS ORDERED** that the forgoing Agreement is approved and this Order supersedes the previous Stipulated Protective Order signed on October 6, 2016 [Doc 44].

Dated: October 13, 2017        _____
MAGISTRATE JUDGE CARL W. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## CERTIFICATION RE CONFIDENTIAL DISCOVERY MATERIALS

I hereby acknowledge that I, _____ [NAME], _____ [POSITION AND EMPLOYER], am about to receive Confidential Materials supplied in connection with the Proceeding. I certify that I understand that the Confidential Materials are provided to me subject to the terms and restrictions of the Stipulated Protective Order filed in this Proceeding. I have been given a copy of the Stipulated Protective Order; I have read it, and I agree to be bound by its terms.

I understand that Confidential Materials, as defined in the Stipulated Protective Order, including any notes or other records that may be made regarding any such Confidential Materials, shall not be Disclosed to anyone except as expressly permitted by the Stipulated Protective Order. I will not copy or use, except solely for the purposes of this Proceeding, any Confidential Materials obtained pursuant to this Stipulated Protective Order, except as provided therein or otherwise ordered by the Court in the Proceeding.

I further understand that I am to retain all copies of all Confidential Materials provided to me in the Proceeding in a secure manner, and that all copies of such Confidential Materials are to remain in my personal custody until termination of my participation in this Proceeding, whereupon the copies of such Confidential Materials will be returned to counsel who provided me with such Confidential Materials.

I declare under penalty of perjury, under the laws of the United States and the State of California, that the foregoing is true and correct. Executed this ___ day of _____, 2017, at _____, Nevada.

By: _____

# CERTIFICATE OF MAILING

This is to certify that on the 12th day of October, 2017, the undersigned, an employee of Fisher & Phillips LLP, electronically filed the foregoing **AMENDED STIPULATED PROTECTIVE ORDER RE: CONFIDENTIAL AND/OR PRIVILEGED INFORMATION; [PROPOSED] ORDER THEREON** with the U.S. District Court, and a copy was electronically transmitted from the court to the e-mail address on file for:

Brian K. Berman, Esq.
Email: b.k.berman@att.net
721 Gass Avenue
Las Vegas, Nevada 89101

By: /s/ Brenna Kacsuta
An employee of Fisher & Phillips LLP

## CERTIFICATE OF MAILING

This is to certify that on the xx day of October, 2017, the undersigned, an employee of Fisher & Phillips LLP, electronically filed the foregoing **AMENDED STIPULATED PROTECTIVE ORDER RE: CONFIDENTIAL AND/OR PRIVILEGED INFORMATION; [PROPOSED] ORDER THEREON** with the U.S. District Court, and a copy was electronically transmitted from the court to the e-mail address on file for:

Brian K. Berman, Esq.
Email: b.k.berman@att.net
721 Gass Avenue
Las Vegas, Nevada 89101


By: /s/ Brenna Kacsuta
An employee of Fisher & Phillips LLP